**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ROA-FIGUEROA, | No. 08-73316 |
| Petitioner, | Agency No. A073-806-103 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Rafael Roa-Figueroa, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1099 (9th Cir. 2011), and review

for substantial evidence the agency's factual findings, *Lopez-Alvarado v. Ashcroft*,

381 F.3d 847, 850-51 (9th Cir. 2004). We deny the petition for review.

The agency properly concluded that Roa-Figueroa was ineligible for

cancellation of removal because he failed to meet the seven-year continuous

physical presence requirement. *See* 8 U.S.C. § 1229b(a)(2), (d)(1) (requiring seven

years of continuous residence after having been "admitted in any status" and

stopping accrual upon service of a Notice to Appear ("NTA")).

Substantial evidence supports the agency's finding that Roa-Figueroa was

properly served with his NTA where the signed certificate of service indicates it

was personally served on him. *See* 8 C.F.R. § 1003.13; *Kohli v. Gonzales*, 473

F.3d 1061, 1068 (9th Cir. 2007) (applying a presumption of regularity regarding

the official acts of public officers). Roa-Figueroa's contention that his NTA was

invalid because it did not specify the time and place of his initial removal hearing

is foreclosed by *Popa v. Holder*, 571 F.3d 890, 895-96 (9th Cir. 2009).

Neither Roa-Figueroa's filing of an application for legal permanent

residence nor his receipt of advanced parole constitute admission "in any status"

for purposes of cancellation of removal. *See Vasquez de Alcantar*, 645 F.3d at

1103 (mere filing for legal permanent residence status does not constitute an

admission "in any status"); *Altamirano v. Gonzales*, 427 F.3d 586, 590-91 & n.4 (9th Cir. 2005) (a parolee has neither been admitted nor made a lawful entry into the United States).

**PETITION FOR REVIEW DENIED.**